Case 1:07-cv-00953-JTN    ECF No. 1,  PageID.3    Filed 09/25/07    Page 1 of 5

FILED - GR
September 25, 2007 3:58 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _____ / _____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| Brian Hobbs, | ) | |
| | ) | |
| Plaintiff, | ) | **1:07-cv- 953** |
| | ) Hon. | |
| v. | ) | Janet T. Neff |
| | ) | U.S. District Judge |
| Harold E. Scherr, d/b/a | ) | |
| Law Office of Harold E. Scherr, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Complaint**

**I.    Introduction**

1.    This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**II.    Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**III.    Parties**

3.    Plaintiff Brian Hobbs is a natural person residing in Kent County, Michigan. Mr. Hobbs is a "consumer" and a "person" as the terms are defined and used in the FDCPA.

4.    Defendant Harold E. Scherr, doing business as Law Office of Harold E. Scherr, is

1

an individual and an attorney doing business at 4237 Salisbury Road North, Suite 308, Jacksonville, Florida 32216. According to the Florida State Bar, Mr. Scherr is a member in good standing. Mr. Scherr is a "debt collector" as the term is defined and used in the FDCPA.

5. At all times material to the allegations herein, Mr. Scherr had knowledge of and authorized the conduct of the employees and others acting on behalf of Law office of Harold E. Scherr, complained of herein.

6. Mr. Scherr is intimately involved with the improper conduct alleged herein. Mr. Scherr directed the policies, practices and operations of Law Office of Harold E. Scherr.

7. At all times material to the allegations herein, Mr. Scherr, as an attorney, was required by the rules of the Florida State Bar, to supervise the actions of the employees and others acting on behalf of Law Office of Harold E. Scherr.

**IV.    Facts**

8. Mr. Hobbs had a credit account with Credit One Bank, N.A. which he used to purchase goods and/or services for personal, family and household purposes. Ay resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA.

9. Mr. Hobbs disputes the alleged debt.

10. According to Mr. Scherr, the alleged debt was purchased by CACH, LLC. If CACH, LLC did in fact purchase the disputed debt, it did so after the debt was in allegedly in default, and paying no more than a few cents on the dollar.

11. According to Mr. Scherr, CACH, LLC hired Mr. Scherr and his law office to collect the disputed debt from Mr. Hobbs.

12. In 2007, Mr. Scherr sent multiple letters to Mr. Hobbs at his residential address,

demanding payment of the disputed debt.

13. At all times relevant hereto, Mr. Scherr knew Mr. Hobbs' place of abode and his telephone number at such place.

14. By letter dated August 20, 2007, Mr. Scherr wrote Mr. Hobbs at his place of abode and demanded payment of the debt. The letter demanded that Mr. Hobbs "respond to this office within 48 hours from your receipt of this letter to discuss a resolution of this matter." A copy of the letter is attached hereto as Exhibit A.

15. Mr. Hobbs exercised his absolute right not to respond to Mr. Scherr's letter.

16. Mr. Scherr then attempted to coerce or embarrass Mr. Hobbs into paying the disputed debt by having his employee unlawfully contact Mr. Hobbs' neighbor.

17. On or about September 19, 2007, Mr. Scherr's employee in an effort to collect the disputed debt telephoned Mr. Hobbs' neighbor, spoke with the neighbor about Mr. Hobbs, and instructed the neighbor to take down a written message and deliver it to Mr. Hobbs. A copy of the message which was delivered by Mr. Hobbs neighbor to Mr. Hobbs is attached hereto as Exhibit B.

18. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

19. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

20. Mr. Scherr's employee wrongfully communicated with Mr. Hobbs' neighbor for a purpose *other than* to acquire location information. Mr. Scherr's employee wrongfully turned

Mr. Hobbs' neighbor into a *de facto* debt collector for Mr. Scherr by having the neighbor deliver a message to Mr. Hobbs in an effort to collect a debt.

21.     Mr. Scherr used method to harass, annoy and embarrass Mr. Hobbs in connection with the collection of a debt.

22.     It was unfair and unconscionable for Mr. Scherr to enlist Mr. Hobbs neighbor to deliver debt collection communications to Mr. Hobbs.

23.     Mr. Scherr and his employee wrongfully communicated with a third party in connection with the collection of a debt from Mr. Hobbs.

24.     Mr. Scherr's unlawful debt collection methods, acts and practices were willful.

25.     As an actual and proximate result of the acts and omissions of Mr. Scherr and his employee, Mr. Hobbs has suffered actual damages and injury, including but not limited to, embarrassment, mental anguish, emotional stress and suffering for which he should be compensated in an amount to be established at trial and by jury.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

26.     Plaintiff incorporates the foregoing paragraphs by reference.

27.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a)     Defendant violated 15 U.S.C. § 1692b by communicating with a third party for purposes *other than* to acquire location information;

    b)     Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party for purposes *other than* to acquire location information;

 c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

 d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

 e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

 a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

 d) A declaration that defendant's practices violate the FDCPA; and

 e) Such further relief as the court deems just and proper.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: September 25, 2007

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com